**Alexander GATZIMOS, M.D., Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 06A05–0911–CV–664.

Court of Appeals of Indiana.

Sept. 15, 2010.

Michael K. Sutherlin, Samule M. Adams, Michael K. Sutherlin & Associates, Indianapolis, IN, Attorneys for Appellant.

**OPINION**

DARDEN, Judge.

*STATEMENT OF THE CASE*

Alexander Gatzimos, M.D. appeals the trial court's order denying his petition for expungement.

We dismiss and remand.

---

### FACTS

On April 19, 2002, Detective Michael Garrett appeared in Boone Circuit Court in support of the State's application to search the medical office of Dr. Gatzimos. Garrett testified about his investigation, in which his undercover detectives had presented themselves to the doctor for medical treatment and obtained prescriptions for controlled substance medications. At the conclusion of the hearing, the Circuit Court issued the search warrant and also found probable cause to charge Dr. Gatzimos with five counts of dealing in a controlled substance, as class B felonies. On April 23, 2002, Dr. Gatzimos was arrested on the charges.

On May 1, 2002, the State filed a petition with the Indiana Medical Licensing Board—seeking the emergency suspension of his license to practice as a physician. After hearing evidence at a five-hour hearing on May 2–3, 2002, the Board conducted its public deliberations and unanimously agreed that no emergency suspension was warranted.

In response to Dr. Gatzimos' request for an immediate trial on the criminal charges, trial was scheduled for July of 2002. The State moved for a continuance; Dr. Gatzimos objected, but the motion was granted, and trial was scheduled for August of 2002. Subsequently, a second motion for a continuance was filed by the State; Dr. Gatzimos again objected, but the motion was granted and trial rescheduled for December 17, 2002. On December 6, 2002, the State moved to dismiss all charges.

On July 14, 2009, Dr. Gatzimos filed his petition, asserting that expungement was warranted because the criminal charges had been dismissed, and there had been "no probable cause to believe" that the doctor had "engaged in any criminal conduct" or "committed any crime." (App.10). The trial court scheduled a hearing on the petition for August 13, 2009. On August 11, 2009, the State filed its notice of opposition and moved for a continuance. The State's continuance motion was granted, and the hearing was scheduled for September 30, 2009.

At the outset of the hearing, counsel and the trial court discussed the expungement statute, Indiana Code section 35–38–5–1.[1] Dr. Gatzimos took the witness stand. The State immediately sought to preliminarily question him "for purposes of imposing objection." (Tr. 13). It asked whether he had "any personal knowledge, ... knowledge directly from the Prosecuting Attorney who dismissed this case, as to the reason why the case was dismissed." *Id.* Dr. Gatzimos answered, "Todd Meyer never spoke with me on that, no." *Id.* The State then objected to "any testimony" by Dr. Gatzimos "in that this witness has no personal knowledge of the reason the case was dismissed," and a foundation had not been established. (Tr. 14). The trial court stated that the hearing was

---

1. The statute provides that whenever
    (2) all criminal charges filed against an individual are dropped because:
        (A) of a mistaken identity;
        (B) no offense was in fact committed; or
        (C) there was an absence of probable case,
    that individual may petition the court for expungement of the records related to the arrest.
Ind.Code § 35–38–5–1(a). Further, when the trial court neither summarily grants nor summarily denies such a petition but holds a hearing,
    the petition shall be granted unless the court finds:
        (1) the conditions in [the foregoing quoted section] have not been met;
        (2) the individual has a record of arrests other than minor traffic offenses; or
        (3) additional criminal charges are pending against the individual.
I.C. § 35–38–5–1(f).

for the Court to determine whether or not the charges were dismissed because of mistaken identity, no offense was committed or the absence of probable cause. I'm hearing Dr. Gatzimos say he doesn't have any personal knowledge of the reason for dismissal.

(Tr. 15). It then "sustain[ed] the State's objection." (Tr. 18).

Therefore, in an offer to prove, Dr. Gatzimos testified about his office procedures and his specific interactions with the undercover detectives during their multiple visits. The offer to prove included multiple exhibits: the transcript of the hearing May 2–3, 2002, before the Medical Licensing Board; Dr. Gatzimos' medical records as to the two undercover detectives, part of the evidence before the Board; the State's petition to the Board seeking his suspension; Dr. Gatzimos' office manual for patients; the charging information against Dr. Gatzimos; case reports by the undercover detectives; the transcript of the April 19, 2002 probable cause hearing in Boone Circuit Court; and the State's December 6, 2002, motion to dismiss the criminal charges.

Counsel for Dr. Gatzimos asked whether the record could remain open, in order to contact Meyer (the prosecuting attorney) and procure his testimony. The trial court noted that the matter had been set "a long time," and offered "a three minute recess" to contact Meyer. After the court was advised that Meyer "was not in the office," it denied the request to keep the record open. (Tr. 53).

On November 6, 2009, the trial court issued its order. Finding that there was "no substantive evidence presented at the evidentiary hearing on September 30, 2009, to support Petitioner's request," the trial court denied the petition for expungement. App. 6.

## DECISION

Dr. Gatzimos argues that pursuant to the expungement statute, the trial court has a duty to make an independent determination of whether no crime was committed or there was no probable cause for the arrest; and that the trial court abused its discretion when it excluded evidence that would support a reasonable inference in that regard. Accordingly, he asks that we reverse the denial of his petition for expungement and remand the matter for a new hearing.

The State has moved for our dismissal of the appeal, without prejudice, and asks that we remand the matter to the trial court where [Dr. Gatzimos] should be provided an opportunity to present admissible evidence as to whether his charges were dismissed because:

(A) of a mistaken identity;

(B) no offense was in fact committed; or

(C) there was an absence of probable cause.

State's Motion, p. 3. Accordingly, the State notes, the appeal "will be unnecessary." *Id.*

We find that the State's motion is well taken, and think it appropriate that Dr. Gatzimos be able to present admissible evidence (including properly certified official records) to establish the basis for the expungement he seeks pursuant to the statute. Therefore, we grant the State's motion and dismiss, without prejudice, and remand to the trial court for further proceedings consistent with our opinion.

BRADFORD, J., and BROWN, J., concur.